IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RGB PLASTIC, LLC, d/b/a RESTAURANTWARE, ) <br><br>Plaintiff, ) <br><br>v. ) <br><br>FIRST PACK, LLC, d/b/a PACK N WOOD, ) <br><br>Defendant. ) | <br><br><br><br><br>Case No.: <br><br>Jury Demanded |

## COMPLAINT

Plaintiff, RGB Plastic, LLC, d/b/a Restaurantware (hereinafter "plaintiff" or "Restaurantware"), by its attorneys, and as for its Complaint against defendant First Pack, LLC ("First Pack"), a Delaware corporation, alleges as follows:

### Introduction

1. This is a complaint for trademark infringement, unfair competition and false description arising under §§ 32 and 43 of the Lanham Act 15 U.S.C. §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Description) and related state law claims associated with the defendant's use of a copycat slogan that infringes upon plaintiff's registered trademark.

### Jurisdiction and Venue

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law tort claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over the defendant First Pack because defendant regularly solicits business and sells product to residents of the State of Illinois.

4. Venue is proper in this district under 28 U.S.C. §1391(b), in the defendant is subject to personal jurisdiction in this district at the time the action was commenced and under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

## The Parties

5. Restaurantware is, and all times mentioned herein was, a limited liability corporation organized and existing under the laws of the state of Illinois, having a principle place of business at 360 W. Illinois, Chicago, Illinois, 60654.

6. Defendant First Pack, LLC is, and all times mentioned herein was, a corporation organized and existing under the laws of the state of Delaware, having a principle place of business at 262 First Street, Hoboken, New Jersey 07030

7. Restaurantware and First Pack are competitors in the food service products business.

8. On July 22, 2014, plaintiff was granted Registration Number 4570714 for the words and mark "FASHION FOR FOOD" for "marketing services, namely, promoting or advertising the cutlery, tableware and flatware of others; marketing services for the cutlery, tableware and flatware of others; on-line retail store services featuring a wide variety of cutlery, tableware and flatware of others; promoting cutlery, tableware and flatware of others; providing a searchable website featuring the cutlery, tableware and flatware of other vendors; retail store services featuring a wide variety of cutlery, tableware and flatware of others; the bringing

together, for the benefit of others, of a variety of cutlery, tableware and flatware, enabling customers to conveniently view and purchase those goods."

9. Plaintiff first used the mark "FASHION FOR FOOD" in the marketing of its services and products in February of 2011 and has used the mark continuously ever since.

10. Plaintiff filed registration of the mark "FASHION FOR FOOD" on February 26, 2013. Thereafter, the patent and trademark office ("PTO") published the mark for opposition on May 6, 2014 and subsequently granted registration on July 22, 2014.

11. In an attempt to exploit the good will associated with Restaurantware's trademark "FASHION FOR FOOD," and to create confusion in the marketplace, First Pack has begun using the phrase "EVERYDAY FASHION FOR FOOD" and/or "EVERYDAY FASHION FOR FOOD PACKAGING" on its product catalogs, on its internet marketing website and at industry trade shows.

12. One of the largest food industry tradeshows in the country is held by the National Restaurant Association ("NRA") every spring at McCormick Place in Chicago, Illinois.

13. First Pack had a booth at the NRA Show 2014 and passed out brochures that used the expression "EVERYDAY FASHION FOR FOOD" and/or "EVERYDAY FASHION FOR FOOD PACKAGING" causing confusion among customers, distributors and suppliers.

14. Likewise, First Pack used and continues to use the infringing slogan in trade literature advertisements, such as its add in "Food Service Tabletop Journal" dated March 25, 2014. Attached as Exhibit A is a screenshot of First Pack's advertisement in the trade journal "Tabletop Journal".

3

15. Likewise, First Pack used and continues to use the infringing slogan "EVERYDAY FASHION FOR FOOD PACKAGING" on its website. Attached as Exhibit B is a screenshot of the First Pack website homepage.

16. Defendant's use of "EVERYDAY FASHION FOR FOOD" and "EVERYDAY FASHION FOR FOOD PACKAGING" throughout the course of its business to attract customers, to market and promote its products and services in general is deceptively and confusingly similar to Restaurantware's trademark "FASHION FOR FOOD."

17. Defendant's products and services have been, are and will be sold in the same types of wholesale, retail and distribution channels to the same classes of purchasers as Restaurantware's products and services have been, are and will continue to be sold.

18. Defendant's wrongful use of Restaurantware's mark is likely to cause confusion, mistake, and deception in the minds of the public.

19. Defendant's infringement constitutes a willful and malicious violation of Restaurantware's trademark rights, aimed at preventing Restaurantware for continuing to build a business around a mark that it lawfully possesses.

## Count I: Trademark Infringement Under Lanham Act § 32

20. Plaintiff repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations of paragraphs 1-19.

21. Defendant's wrongful use of the slogan "EVERYDAY FASHION FOR FOOD" and/or "EVERYDAY FASHION FOR FOOD PACKAGING" comprises an infringement of plaintiff's registered trademark "FASHION FOR FOOD" and is likely to cause confusion, mistake and deception of the public as to the identity and origin of Restaurantware's goods and

services, causing irreparable harm to Restaurantware for which there is no adequate remedy at law.

22. By reason of the foregoing acts, defendant is liable to Restaurantware for trademark infringement under 15 U.S.C. § 1114.

### Count II: Unfair Competition Under Lanham Act § 43

23. Plaintiff repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in paragraphs 1-19.

24. Defendant's use of an imitation of Restaurantware's mark to promote, market or sell its products or services in direct competition with Restaurantware's products and services constitutes unfair competition pursuant to 15 U.S.C. § 1125(a)

25. Defendant's use of an imitation of Restaurantware's mark is likely to cause confusion, mistake and deception among consumers.

26. Defendant's unfair competition has caused and will continue to cause damage to Restaurantware, and is causing irreparable harm to Restaurantware for which there is no adequate remedy at law.

### Count III: False Description

27. Plaintiff repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in paragraphs 1-19.

28. Defendant's wrongful use of "EVERYDAY FASHION FOR FOOD" and/or "EVERYDAY FASHION FOR FOOD PACKAGING" is such a colorable imitation and copy of Restaurantware's established trademark "FASHION FOR FOOD" in the food service market for cutlery and tableware products that defendant's use thereof in the context of food product services is likely to cause confusion, or to cause mistake, or to deceive customers as to the

affiliation, connection or association of Restaurantware's products, or to deceive consumers as to the origin, sponsorship or approval by Restaurantware of the defendant's counterfeit products.

29. Restaurantware states that defendant's use of "EVERYDAY FASHION FOR FOOD" and/or "EVERYDAY FASHION FOR FOOD PACKAGING" comprises a false description or representation of defendant's business or products under 15 U.S.C. § 1125(a) § 43(a) of the Lanham Act.

### Count IV: Common Law Injury For Business Reputation

30. Plaintiff repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in paragraphs 1-19.

31. Restaurantware alleges that defendant's wrongful use of an imitation of Restaurantware's trademark inures to and creates a likelihood of injury to Restaurantware's business reputation because persons encountering Restaurantware and its products and services will believe that Restaurantware is affiliated with or related to or has the approval of defendant, and any adverse reaction by the public to defendant and the quality of its products and the nature of its business will injure the business reputation of Restaurantware and the good will that it enjoys in connection with its mark "FASHION FOR FOOD."

32. Restaurantware has been damaged by defendant's wrongful, infringing conduct.

### Count V: Illinois Deceptive Trade Practices Act
### 815 ILCS 510/2

33. Plaintiff repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in paragraphs 1-19.

34. Defendant's wrongful use of "EVERYDAY FASHION FOR FOOD" and/or "EVERYDAY FASHION FOR FOOD PACKAGING" is such a colorable imitation and copy of Restaurantware's established trademark "FASHION FOR FOOD" as used in the food service

market for cutlery and tableware products that defendant's use thereof in the context of food service products is likely to cause confusion, or to cause mistake, or to deceive customers as to the affiliation, connection or association of Restaurantware's products, or to deceive consumers as to the origin, sponsorship or approval by Restaurantware of the defendant's counterfeit products.

35. Restaurantware states that defendant's use of the slogan "EVERYDAY FASHION FOR FOOD" and/or "EVERYDAY FASHION FOR FOOD PACKAGING" comprises a false description or representation of defendant's business or products under 815 ILCS 510/2.

36. Restaurantware has been damaged by defendant's wrongful, infringing conduct.

### Count VI: Violation Of The Illinois Trademark Registration & Protection Act

37. Plaintiff repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in paragraphs 1-19.

38. Defendant's wrongful use of "EVREYDAY FASHION FOR FOOD" and/or "EVERYDAY FASHION FOR FOOD PACKAGING" is such a colorable imitation and copy of Restaurantware's established trademark "FASHION FOR FOOD" as used in the food service market for cutlery and tableware products that defendant's use of "EVERYDAY FASHION FOR FOOD" and/or "EVERYDAY FASHION FOR FOOD PACKAGING" in the context of food service products is likely to cause confusion, or to cause mistake, or to deceive customers as to the affiliation, connection or association of Restaurantware's products, or to deceive consumers as to the origin, sponsorship or approval by Restaurantware of the defendant's counterfeit products.

39. Restaurantware states that defendant's use of the mark "EVERYDAY FASHION FOR FOOD" and/or "EVERYDAY FASHION FOR FOOD PACKAGING" constitutes infringement upon Restaurantware's valid and precedent use of the trademark "FASHION FOR FOOD" under 765 ILCS 1056/60.

40. Restaurantware has been damaged by defendant's wrongful, infringing conduct.

### Count VII: Violation Illinois Consumer Protection Act
### 815 ILCS 505/2

41. Plaintiff repeats and hereby incorporates by reference, as though specifically pleaded herein, the allegations contained in paragraphs 1-15.

42. Defendant's wrongful use of Restaurantware's mark is such a colorable imitation and copy of Restaurantware's established in the food service market for cutlery and tableware products that defendant's use thereof in the context of food product services is likely to cause confusion, or to cause mistake, or to deceive customers as to the affiliation, connection or association of Restaurantware's products, or to deceive consumers as to the origin, sponsorship or approval by Restaurantware of the defendant's counterfeit products.

43. Defendant's use of the slogan "EVERYDAY FASHION FOR FOOD" and/or "EVERYDAY FASHION FOR FOOD PACKAGING" comprises a false description or representation of defendant's business or products under 815 ILCS 505/2.

WHEREFORE, plaintiff RGB Plastic LLC prays for judgment against defendant as follows:

1. The defendant FIRST PACK, LLC and its agents, officers, employees, representatives, affiliates, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from defendant, each of them, be preliminarily and permanently enjoined from:

    (a)    Using Restaurantware's trademark "FASHION FOR FOOD", or any colorable imitation thereof;

    (b)    Using any trademark that imitates or is confusingly similar to or in any way similar to Restaurantware's trademark "FASHION FOR FOOD," or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Restaurantware's products or services or their connections to defendant.

2. The defendants be required to file with the Court and serve on Restaurantware within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant have complied with the Injunction;

3. That pursuant to 15 U.S.C. § 1117, defendant be held liable for all damages suffered by Restaurantware resulting from the acts alleged herein;

4. That, pursuant to 15 U.S.C. § 1117, defendant be compelled to account to Restaurantware for any and all profits derived by it from its illegal acts complained here;

5. The defendant be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody under the control of defendant bearing the trademark found to infringe on Restaurantware's trademark rights, as well as all plates, matrices, molds, dyes, masters and any other means of making the same;

6. For damages, interest and costs to the extent permitted by law;

7. The Court declare this to be an exceptional case and award Restaurantware its full costs and reasonable attorney's fees;

8. The Court grant Restaurantware any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and

9. For such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable before a jury.

Dated: November 3, 2014

Respectfully submitted,

RGB PLASTIC, LLC, d/b/a
RESTAURANTWARE

By: /s/Charles L. Philbrick
     One of its attorneys

Charles L. Philbrick
(cphilbrick@rathjewoodward.com)
Kaitlyn Anne Wild
(kwild@rathjewoodward.com)
Polina Arsentyeva
(parsentyeva@rathjewoodward.com)
Rathje & Woodward, LLC
300 East Roosevelt Road, Suite 300
Wheaton, Illinois 60187
Telephone: (630) 668-8500